IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **JAMES C. WINDING, # K8115** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 4:12cv87-DPJ-FKB** |
| **DOMINIC DEAN, UNIT MANAGER J. ANGLIN, SERGEANT B. SISTRUNK, INVESTIGATOR M. RICE, WARDEN B. GRIMES, WARDEN V. HORTON, SR., M. WINTERS, ACA MANAGER S. GRIMES, D. POPE, KITCHEN MANAGER K. JASPER, PSYCHOLOGIST R. CORBIN, GEO GROUP,INC., DEPUTY COMMISSIONER E.L. SPARKMAN, CHRISTOPHER EPPS, CAPTAIN B. BRYANT, UNITED STATES DEPARTMENT OF JUSTICE, CAPTAIN C. DYKES, and LIEUTENANT A. HART** | **DEFENDANTS** |

## ORDER DISMISSING DEPARTMENT OF JUSTICE

BEFORE THE COURT are *pro se* Plaintiff James Winding's pleadings. He is incarcerated with the Mississippi Department of Corrections and brings this action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant United States Department of Justice is dismissed.

I.   Background

Winding is incarcerated at the East Mississippi Correctional Facility. His First Amended Complaint [3] was signed May 21, 2012, and filed on May 29 contemporaneously with the Complaint. The First Amended Complaint adds the Department of Justice as a Defendant. As is relevant to it, he alleges that the American Civil Liberties Union, on some unknown dates, contacted the Department of Justice regarding various, unspecified conditions of confinement at

the prison. He complains the Department has not yet launched the investigation and seeks an injunction from the Court ordering the Department to investigate "all Plaintiff's federal pending lawsuits, as well as the inhumane conditions at EMCF. Also, that a written report be given to [the] Court, and [to] Plaintiff as to their findings." Mot. to Amend Compl. [3] at 2.

II.     Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Winding to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Basically, Winding complains the Department of Justice has not yet investigated the prison. He wants the Department of Justice to investigate his complaints, file its findings in his

20[1] pending lawsuits, 13 of which have been dismissed since the instant case was filed, and provide him a copy.

In order to have a viable claim under 42 U.S.C. § 1983, Winding must allege, among other things, that the Defendant is a state actor. *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Plaintiff cannot maintain this Section 1983 action against the Department of Justice, because it is not a state actor. *Keys v. U.S. Dep't of Justice*, 285 F. App'x 841 (3d Cir. 2008). Even though he cannot pursue a Section 1983 action against a federal actor, a civil rights action may be maintained against such an actor for alleged constitutional violations in a *Bivens* action. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, a *Bivens* action does not extend to a federal agency. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Therefore, the Department of Justice will be dismissed.

Furthermore, the Court questions whether Winding has standing to sue the Department for lack of an investigation. Standing is a threshold jurisdictional issue. *Vt. Agency of Natural Res. v. United States*, 529 U.S. 765, 771 (2000). "[T]he requirement that jurisdiction be established as a threshold matter 'springs from the nature of limits of the judicial power of the

---

[1]*Winding v. GEO Grp., Inc.*, No. 4:11cv119-CWR-FKB (dismissed June 5, 2012); *Winding v. Sistrunk*, No. 4:11cv143-DPJ-FKB (same); *Winding v. Dukes*, No. 4:11cv146-CWR-FKB (same); *Winding v. Edmonds*, No. 4:11cv174-HTW-FKB (same); *Winding v. Anglin*, No. 4:11cv178-CWR-FKB (same); *Winding v. Rice*, No. 4:11cv192-DPJ-FKB (same); *Winding v. Lewis*, No. 4:12cv3-DPJ-FKB (same); *Winding v. Dykes*, No. 4:12cv4-CWR-FKB (same); *Winding v. Miza*, No. 4:12cv8-CWR-FKB (same); *Winding v. Jackson*, No. 4:12cv14-DPJ-FKB (same); *Winding v. Dean*, No. 4:12cv23-CWR-FKB (same); *Winding v. Boyd*, No. 4:12cv41-DPJ-FKB; *Winding v. Harbin*, No. 4:12cv50-CWR-FKB; *Winding v. Hill*, No. 4:12cv66-DPJ-FKB (dismissed May 21, 2012); *Winding v. Horton*, No. 4:12cv71-CWR-FKB (dismissed May 22, 2012); *Winding v. Anglin*, No. 4:12cv78-DPJ-FKB; *Winding v. Grimes*, No. 4:12cv80-DPJ-FKB; *Winding v. Horton*, No. 4:12cv82-DPJ-FKB; *Winding v. Bryant*, No. 4:12cv83-DPJ-FKB; and *Winding v. Dean*, No. 4:12cv87-DPJ-FKB.

United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, Coldwater & Lake Michigan R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  Standing is a question of law.  *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002).  Article III Constitutional standing contains three elements: (1) the plaintiff must have suffered an injury in fact, (2) which is fairly traceable to the challenged conduct of the defendant, and (3) the injury must be likely redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

The Supreme Court has held that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Any investigation into Winding's allegations would not redress any alleged past or future unconstitutional conditions of confinement.  *Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (prisoner lacked standing because there was no guarantee arrest of prison guards would remedy past or prevent future misconduct). Coupled with Winding's request that the Department of Justice report its findings to him and the Court in every single one of his cases, all the requested injunctive relief would do would be to compel the United States to perform discovery for him.  In any event, this Court does not have the "power to compel the executive branch to initiate prosecution." *United States v. Davis*, 285 F.3d 378, 383 (5th Cir. 2002).  It follows that the Court does not have the power to compel the executive branch to conduct an investigation.  Winding has no standing to contest the Department of Justice's alleged failure to investigate his conditions of confinement claims.  This Defendant is also dismissed for this additional reason.  The remainder of the case will proceed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant United States Department of Justice should be and is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 2nd day of July, 2012.

                                                       s/ *Daniel P. Jordan III*
                                                       UNITED STATES DISTRICT JUDGE